SIGGINS, P. J. and ROSS, J., Concurring.
We concur fully in the reasoning and holding that the claims Save Lafayette Trees, Michael Dawson, and David Kosters alleged under the Planning and Zoning Act, the city's general plan and the city's tree protection ordinance (planning and zoning law claims) were not timely served, and that we must affirm the demurrer without leave to amend on those claims. We also agree that the California Environmental Quality Act (CEQA) claim was timely served, as required under the controlling statute, Public Resources Code section 21167.6. Thus, we concur fully in the judgment.
We write separately because it is unnecessary to address whether the time for filing the CEQA claim was governed by Public Resources Code section 21167, or the shorter period provided in Government Code section 65009.[1] The petition was timely filed even if we assume, without deciding, that the shorter section 65009 limitations period applied to all the alleged claims. The critical question that bears on the CEQA claim is whether it was timely served.
As the lead opinion concludes, the CEQA service provision in Public Resources Code section 21167.6 applies "[n]otwithstanding any other law." While section 65009 states that "no action or proceeding shall be maintained ... by any person" to challenge a conditional use permit, or any other permit "unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision," here, because the complaint alleges claims under both CEQA and the planning and zoning law, section 65009 must be read in light of Public Resources Code section 21167.6.
" 'As a general rule, when two statutes relate to the same subject, the more specific one will control unless they can be reconciled. [Citations.] When the two statutes can be reconciled, they must be construed "in reference to each other, so as to 'harmonize the two in such a way that no part of either becomes surplusage.' " ' [Citations.] Put another way, 'If we can reasonably *164 harmonize "[t]wo statutes dealing with the same subject," then we must give "concurrent effect" to both, "even though one is specific and the other general." ' " ( Friends of Riverside's Hills v. City of Riverside (2008) 168 Cal.App.4th 743, 753, 85 Cal.Rptr.3d 695.) *648 The result we achieve today gives effect to the plain language of both statutes. The planning and zoning law claims addressed in section 2 of the lead opinion must be both filed and served within 90 days of a local agency decision on a permit. (Lead opn. ante , at p. 640; accord, § 65009, subd. (c)(1)(E).) The complaint was filed within 90 days of the agency decision. If section 65009 controlled the date for service, it should have been served within the same period. But as to service of the first cause of action, Public Resources Code section 21167.6 applies "[n]otwithstanding any other law" and subdivision (a) provides that a CEQA claim "shall be served personally upon the public agency not later than 10 business days from the date that the action or proceeding was filed." Here, the complaint was served personally upon the agency too late to comply with the planning and zoning law, but within the time allowed under CEQA. For this reason, we would give effect to both statutes, and agree that the planning and zoning law claims are barred, but the CEQA claim can proceed.
As stated in Friends of Riverside's Hills , "when two statutes relate to the same subject, the more specific one will control unless they can be reconciled." ( Friends of Riverside's Hills v. City of Riverside , supra, 168 Cal.App.4th at p. 753, 85 Cal.Rptr.3d 695.) The lead opinion follows the analysis of Committee for a Progressive Gilroy v. State Water Resources Control Bd. (1987) 192 Cal.App.3d 847, 237 Cal.Rptr. 723 to conclude that the CEQA statute of limitations in Public Resources Code sections 21167 and 21167.6 is a narrower statutory scheme than the planning and zoning law limitations period in section 65009. The lead opinion also discusses Royalty Carpet Mills, Inc. v. City of Irvine (2005) 125 Cal.App.4th 1110, 23 Cal.Rptr.3d 282. Both Progressive Gilroy and Royalty Carpet compare the statutes' limitations periods to determine which is narrower and therefore applicable. An alternative approach is to consider the "purposes served by the competing statutes to determine which controls." ( Shoemaker v. Myers (1990) 52 Cal.3d 1, 21, 276 Cal.Rptr. 303, 801 P.2d 1054.)
Because the CEQA claim was timely filed and served this case does not require us to decide whether CEQA or the planning and zoning law is narrower and controls. We would defer that issue until presented with a case where its resolution will be material to the outcome.
*165 Thus, we concur in the judgment.
I CONCUR:
ROSS, J.*

All statutory references are to the Government Code unless otherwise noted.